# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5393 | **DATE** | JUN 2 1 2000 |
| **CASE TITLE** | Donald Stokes N-92518  v. Officer Rivera, et al. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The court denies defendants' motion to dismiss {8-1}. Defendants are given twenty days from the date of this order to answer plaintiff's complaint.

(11) ■ [For further detail see attached order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | JUN 2 2 2000 | |
| | Mail AO 450 form. | date docketed | 16 |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| BPM | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD STOKES,                          )
                                        )
                 Plaintiff,             )
                                        )
        v.                              )         NO. 99 C 5393
                                        )
OFFICER RIVERA,                         )
JESSE MONTGOMERY                        )
                                        )
                 Defendants             )

DOCKETED

JUN 2 2 2000

## MEMORANDUM OPINION AND ORDER

Donald Stokes, an inmate currently incarcerated at Robinson Correctional Center, brought

this pro se civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 1999, alleging that the

defendants violated his Eighth Amendment rights. More specifically, Stokes alleges that the

defendants failed to protect him from an attack by another inmate that occurred on May 15, 1999 at

Joliet Correctional Center ("JCC"). The defendants filed their motion to dismiss pursuant to Rule

12(b)(6) of the Rules of Federal Civil Procedure, along with supporting memorandum on December

28, 1999. The plaintiff filed his response, entitled "Reply to strike Defendant's motion to dismiss"

on February 8, 2000 and the defendants submitted their reply on March 17, 2000.

## Standard of Review

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and

must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only

be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to

relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); MCM Partners, Inc. v. Andrews-Bartlett &

Assoc., 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a pro se complaint,

the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. Haines v. Kerner, 404 U.S. 519 (1972); Whitford v. Boglio, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988).

## Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought *in forma pauperis* if the court determines that plaintiff has failed to exhaust his administrative remedies. Massey v. Helman, 196 F.3d 727 (7th Cir. 1999); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532 (7th Cir. 1999). The Seventh Circuit under Perez requires that this court evaluate whether the plaintiff has exhausted administrative remedies under § 1997e(a) before it renders a decision on the merits. See Perez at 535-536. Therefore, the court will address the exhaustion issue before turning to the merits of Stokes' claims.

The defendant contend in their motion to dismiss that Stokes did not fully exhaust his available administrative remedies. They point to his statement in paragraph 27 of his complaint acknowledging that he cannot obtain the monetary damages he seeks through the grievance process. Stokes also attached a grievance to his complaint and response, dated June 4, 1999, which he had forwarded to his counselor. Stokes also apparently mailed his grievance to the Administrative Review Board in Springfield because he was transferred to another institution the day following his attack. Stokes contends he waited over two months without receiving a response before submitting

his complaint to prison officials.

With respect to administrative remedies, Stokes had the option of either grieving his complaint informally through his counselor or filing a written grievance on the necessary forms for a grievance officer to resolve. See 20 Ill.Admin. Reg. Ch. I § 504.810. The Grievance officer shall consider the grievance and report his or her recommendation to the Chief Administrative Officer, who then has an additional 15 days to review the officer's report and issue a decision. See 504.830(d). If the grievant is dissatisfied with the results, the committed person may file an appeal to the Director within 30 days. See 504.850. The Director or an appointed Administrative Review Board then has an additional 60 days to review the grievance and inform the committed person of its decision. See 504.850(b),(e),(f). Once he was transferred to Graham Correctional Center, Stokes also had the option of filing his grievance concerning Joliet officials directly with the Administrative Review Board. See 504.870(a)(3). The Administrative Review Board then had 30 days to submits its recommendation of Stokes' grievance. See 504.870((b). Stokes submitted his grievance with both his counselor and to the Administrative Review board after his transfer. After reviewing the regulations concerning the grievance procedure, the court cannot find any other avenue Stokes could have pursued when IDOC failed to respond to his grievances within 60 days.

Even if Stokes did not fully exhaust his administrative remedies prior to bringing this action, the Seventh Circuit has recognized an exception to the exhaustion requirement. See Perez at 538 (It is possible to imagine cases in which the harm is done and no further administrative action could supply any "remedy."); Brazelton v. Myatt, 1999 WL 966435 at * 2 (N.D.Ill. October 19, 1999); Massey at 734. Stokes's situation is analogous to that of the hypothetical prisoner described by Judge Easterbrook in Perez. Stokes's pleadings state that he was treated for a concussion and facial lacerations resulting from the attack. Stokes's complaint and response do not imply that he required

or sought further medical attention that would affect the "quantum of damages." See Perez at 538. Therefore, Stokes's complaint appear to fall under the category of complaints that are exempt from the exhaustion requirement according to Judge Easterbrook's rationale enunciated in Perez.

## Facts

At the time the May 15, 1999, incident took place, plaintiff was confined at JCC in the unit for Group 2 Protective Custody ("PC") prisoners. Group 2 PC inmates have been denied PC but are awaiting their appeal of the administration's denial. Group 3 PC inmates have not yet had their application for PC approved or disapproved. Group 3 inmates who are denied PC may be reclassified as Group 2 if they appeal the denial of PC. According to the complaint, prison policy and security concerns mandate that Group 2 inmates remain separated from Group 3 inmates at all times.

During the second week of March, Stokes alerted JCC officials of possible threats on his life. Specifically he informed defendant Officer Rivera, counselor Cindy Shelly, and wrote a letter to Warden James Chrans. Approximately two weeks before the May 15 attack, Stokes met with defendant Superintendent Jesse Montgomery and requested a transfer, apparently because of threats to his safety. Montgomery responded by stating: "I don't like you. You are not going to be transferred."

On the day of the attack, Stokes had an argument with defendant Rivera over eating utensils. During the argument, Rivera allegedly stated: "I will pay you back fucker." Later in the day Rivera let the Group 2 prisoners, including Stokes, out of their cells to take showers. Rivera allegedly also let a Group 3 inmate out of his cell while Stokes was in the shower. While Stokes was in the shower, the unidentified Group 3 inmate attacked and stabbed Stokes. Stokes alleges that Rivera intentionally allowed the Group 3 inmate to attack Stokes in retaliation for their argument over the eating utensils.

## Analysis

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Helling v. McKinney, 509 U.S. 25 (1993); Estelle v. Gamble, 429 U.S. 97 (1976). The Eighth Amendment imposes a duty upon prison officials to "take reasonable steps to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526, 527 (1984). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Wilson v. Seiter, 501 U.S. 294, 303 (1991). However, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In order to hold a prison official liable under the Eighth Amendment, the plaintiff must show that the deprivation was "sufficiently serious" and that the prison official's state of mind was one of "deliberate indifference" to inmate health or safety. Id. In Farmer the Supreme Court undertook the task of defining "deliberate indifference" and held that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. Farmer at 837. The official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. Id.

The defendants characterize the May 15 attack as an unexpected one that the defendants should not be held liable for their failure to prevent. However, accepting plaintiff's version of the facts as true, the defendants had prior notice that Stokes feared for his safety. In fact, as recently as two weeks prior to the attack, Stokes had requested a transfer. Finally, plaintiff's allegations also imply that the defendants failed to take protective measures against the attack and may have even facilitated it because of their personal animosity against Stokes. Based upon plaintiff's account of

the facts, the court cannot conclude at this stage that plaintiff's allegations fail to state a claim. Therefore, the court rejects defendants' argument that Stokes has failed to sufficiently allege that the defendants were deliberately indifferent to his safety.

Finally, the defendants argue that they are entitled to qualified immunity.[1] Prison officials are entitled to qualified immunity from suits for damages brought under Section 1983 "insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person should have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Contrary to defendants' argument, Rivera was not following official duties when he violated prison policy by allowing a Group 3 inmate to interlope with Group 2 prisoners during their shower period. Furthermore, it has been long established that prison officials are required to take reasonable steps to guarantee the safety of inmates. See Hudson v. Palmer at 526; Wilson v. Seiter at 303. Based on the facts alleged by plaintiff, the court cannot conclude that the defendants took reasonable steps to prevent the attack on Stokes. Accordingly, the court declines to grant the defendants qualified immunity.

## Conclusion

The court denies defendants' motion to dismiss [8-1]. Defendants are given 20 days from the date of this order to answer plaintiff's complaint.

---

[1]It is clear that the defendants' counsel mistakenly pasted a portion from a brief previously submitted by the Attorney Generals' office. See (Defs' memo at pp. 10-11). The court advises defendants' counsel to thoroughly review her pleadings before submitting them to the court.

Enter:

James B. Zagel

James B. Zagel
U.S. District Court Judge

Date: JUN 2 1 2000